UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV194–EHJ

PAULA SANDERS                                                                                                 PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                       DEFENDANT

**MEMORANDUM OPINION**

        Plaintiff Paula Sanders seeks disability insurance and supplemental security income benefits which were denied by the Commissioner. The matter was referred to United States Magistrate Judge W. David King, who recommends that the Decision of the Commissioner be upheld. This Court has conducted a de novo review of the specific, written objections of the plaintiff and finds that the Report and Recommendation of the Magistrate Judge should be adopted and the Decision of the Commissioner should be affirmed.

        Ms. Sanders claims that she became disabled as a result of a ruptured disc, back surgery and depression (Tr. 65). Administrative Law Judge Gary Flenner ("ALJ") found that Ms. Sanders suffers from severe impairments including degenerative disc disease, chronic obstructive pulmonary disease, depressive disorder, and borderline intellect, but that these impairments do not meet or medically equal listed impairments (Tr. 25). Though she cannot return to his previous work, Ms. Sanders was found to retain the residual functional capacity to perform a significant range of light work (Tr. 26).

        The plaintiff has filed objections to the Magistrate's Report, arguing that 1) the ALJ erred in basing the Decision upon inadequate vocational evidence; 2) the claimant should be deemed

disabled under Grid Rule 201.17 because she is limited to sedentary work; 3) the ALJ should have obtained an updated medical opinion to address medical equivalency under Listing 12.05C.

The claimant disputes the vocational evidence, arguing that the hypothetical posed to the vocational expert did not include claimant's limited ability to interact with the public, nor did it include her moderate limitation in ability to respond appropriately to changes in a work setting. With regard to the claimant's limitation of only occasional contact with the public, the vocational expert testified that assuming that limitation, both the companion and inspector jobs – totaling some 305,000 jobs in the national economy – would remain. The Magistrate was persuaded by the Commissioner's argument that the Sixth Circuit has found 70,000 and 170,000 jobs to be a "significant number of jobs" within the meaning of 42 U.S.C. §423(d)(2)(A), and therefore the 305,000 jobs identified herein would certainly be deemed a significant number. Plaintiff in turn argues that there are other factors that must be considered in determining whether the jobs identified constitute "a significant number."

Based upon the case law cited by the Commissioner, it appears that the Sixth Circuit has found many fewer jobs to be "significant." In Hall v. Bowen, 837 F.2d 272 (6th Cir.1988), the Sixth Circuit ultimately held that while an ALJ should consider numerous factors in determining whether a number of jobs is significant, such a determination is left to the fact finder's common sense in weighing the statutory language as applied to particular situations. The Court is persuaded that the 305,000 jobs identified are significant, and declines to disturb the fact finder's common sense determination in this particular situation.

The plaintiff's second contested issue regarding the inadequacy of the vocational testimony is that the vocational hypothetical did not include her moderate limitation in ability to respond

appropriately to changes in a work setting. In fact, the Commissioner concedes that this moderate limitation should have been explicitly included in the controlling hypothetical. However, the Commissioner argues and the Magistrate agrees that the inclusion of no detailed or complex work in the hypothetical coupled with the VE's identification of only unskilled jobs adequately addresses plaintiff's moderate inability to respond to changes in the work setting. The Court agrees with the Magistrate's analysis on this issue, and finds no reversible error.

Finally, plaintiff argues that the ALJ should have obtained an updated medical opinion to address medical equivalency under Listing 12.05C for mental retardation. The record is clear that plaintiff was assessed with a full scale IQ of 71, which is one point higher than the mental retardation classification. Furthermore, the record indicates that plaintiff's diagnosis was borderline intellectual functioning, not mental retardation.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned. The Court adopts the Magistrate Judge's proposed Report and Recommendation in its entirety.

A Judgment in conformity has this day entered.